

*State of New Jersey*

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 116
TRENTON, NJ 08625-0116

JOHN J. HOFFMAN
*Acting Attorney General*

Michelle L. Miller
*Acting Director*

November 18, 2015

Honorable Noel L. Hillman, U.S.D.J.
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

> Re: **Kollock-Mann, et al. v. Camden County, et al.**
> **Docket No.: 15-04708(NLH-KMW)**
>
> **Motion to Dismiss Plaintiff's Complaint**

Dear Judge Hillman:

Please accept this Letter Brief in support of the Motion to Dismiss Plaintiff's Complaint filed on behalf of Defendants, Camden County Prosecutor's Office (improperly pled as "Camden County d/b/a Camden County Prosecutor's Office") and Retired Detective Robin Morante, in lieu of a more formal brief.

## PRELIMINARY STATEMENT

On or about October 4, 2012, the Camden County Prosecutor's Office charged and arrested Plaintiff Jernee Kollock-Mann, a High School vice-principal at Triton Regional High School, for



November 18, 2015
Page 2

official misconduct, hindering prosecution and failure to report child abuse, in relation to an ongoing criminal investigation into sexual misconduct at the High School.  The charges against Plaintiff were subsequently dismissed on June 30, 2015, in exchange for her resignation.  On June 29, 2015, more than two years after her arrest and one-day shy of two years after the dismissal of her charge, Plaintiff filed this civil complaint against the Camden County Prosecutor's Office and Detective Robin Morante.  These Defendants move to dismiss Plaintiff's Complaint, based on the applicable statutes of limitations, well-established immunities, and Plaintiff's failure to plead a cause of action upon which relief can be granted.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS[1]

In or around November 2011, Defendant Detective Robin Morante was tasked with conducting an investigation into the alleged sexual misconduct by teachers employed at Triton Regional High School. (CM/ECF No. 1, ¶¶ 7-9).  At that time, Plaintiff Kollock-Mann was employed by Triton Regional High School as a vice-principal. Id. at ¶ 7.

In or around 2012, a Triton Regional High School student provided a statement regarding the incidents in question to the Plaintiff and other witnesses. Id. at ¶ 10. Plaintiff alleges

---

[1] The procedural history and facts of this case are intertwined, and will be discussed together for the convenience of the Court.

that Detective Morante falsely accused Plaintiff of "tampering
with or improperly influencing" the student's written statement
and failing to report the student's allegations to the Division
of Youth and Family Services and local law enforcement. Id. at
¶ 14.  On or about October 4, 2012, Plaintiff was allegedly
charged and arrested by the Defendants for "Official Misconduct,
Hindering Prosecution and Failure to Report Child Abuse." Id. at
¶ 15.  Plaintiff alleges that Defendants knew or should have
known she "was innocent and/or failed to conduct any reasonable
investigation." Id. at ¶ 17.

The criminal charges against Plaintiff were dismissed on or
about June 30, 2013, in exchange for her resignation. Id. at
¶ 19.  Plaintiff asserts that she resigned under duress rather
than risk criminal charges. Id.

On January 29, 2015, Plaintiff filed suit in the United
States District Court, District of New Jersey, against the
Camden County Prosecutor's Office (improperly pled as "Camden
County d/b/a Camden County Prosecutor's Office") and Detective
Robin Morante (collectively, the "CCPO Defendants"). (ECF No.
1).  In the Complaint, Plaintiff alleges federal and state
constitutional violations.  Specifically, Plaintiff alleges
malicious prosecution, false arrest, and false imprisonment in
contravention of the Fourth and Fourteenth Amendments of the

Federal Constitution (Count I); a <u>Monell</u> claim[2] (Count II); a violation of the New Jersey Civil Rights Act ("NJCRA"), <u>N.J. Stat. Ann.</u> § 10:6-2 (Count III); and a loss of consortium claim on behalf of Plaintiff Daryl Mann (Count IV). <u>See</u> Compl.

Plaintiff seeks statutory damages, compensatory damages, attorneys' fees and expenses, and costs of suit. Plaintiff also seeks injunctive relief, including "monitoring and training." (ECF No. 1, pp 8-9).

This Motion to Dismiss in Lieu of an Answer on behalf of the Camden County prosecutor's Office and Detective Morante follows.

<u>**STANDARD OF REVIEW**</u>

The CCPO Defendants moves to dismiss Plaintiffs' Complaint, pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6), for failure to state a claim upon which relief can be granted, and <u>Fed. R. Civ. P.</u> 12(b)(1), for lack of subject-matter jurisdiction.

Insofar as Plaintiff has asserted claims against the Camden County Prosecutor's Office, this Court lacks subject matter jurisdiction to preside over the case and the Complaint must be dismissed pursuant to <u>Fed. R. Civ. P.</u> 12(b)(1). <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 94 n.4 (3d Cir. 1996)(stating that the "Eleventh Amendment is a jurisdictional

---

[2] <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978).

bar which deprives federal courts of subject matter jurisdiction."). The same reasoning applies to Plaintiff's claims against Detective Morante, in her official capacity.

The United States Court of Appeals for the Third Circuit has held that an Eleventh Amendment defense is properly addressed in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), not 12(b)(6), "caution[ing] against treating a Rule 12(b)(1) motion as a Rule 12(b)(6) motion and reaching the merits of the claims" because "the standard for surviving a Rule 12(b)(1) motion is lower than that for a 12(b)(6) motion." Gould Elecs., Inc. v. United States, 220 F.3d 19, 178 (3d Cir. 2000)(citing Kehr Packages, Inc. v. Fidelcor, 926 F.2d 140, 1409 (3d Cir. 1991).

When considering a motion to dismiss under Rule 12(b)(1), a District Court must distinguish between facial and factual challenges to its subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). If the Court is considering a "factual" attack, where a challenge is based on the sufficiency

November 18, 2015
Page 6

of the jurisdictional fact, the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case. See Brown v. U.S. Steel Corp., 2010 U.S. Dist. LEXIS 115503, at *6 (W.D. Pa. Oct. 29, 2010). For both categories of attack, a Plaintiff has the burden of proving jurisdiction. If this Court agrees with the State that it lacks jurisdiction to hear the matter, the Complaint must be dismissed.

In the instant matter, the State Offices and the individuals in their official capacities are asserting that this Court lacks jurisdiction to hear the case because the suit is barred by the Eleventh Amendment. Accordingly, a factual analysis is unnecessary because a jurisdictional argument is a facial attack. In addressing a facial attack to jurisdiction, such as the one asserted in this case by the CCPO Defendants, this Court should "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff." Gould Elecs., 220 F.3d at 176 (citations omitted). The Plaintiff has the burden of proving that this Court has jurisdiction. Id. If this Court agrees with the CCPO Defendants that it lacks jurisdiction to hear the matter, the Complaint must be dismissed.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a reviewing court must

accept the plaintiff's pled factual allegations as being true. However, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 566 U.S. 662, 677 (2009). See also Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007)(quoting Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)(conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).

Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 566 U.S. at 679. Where the claims asserted are fatally defective and the plaintiff cannot plead any facts to support his claims, it is appropriate for the court to dismiss a complaint without permitting the plaintiff to make a curative amendment of his pleading. Oran v. Stafford, 34 F. Supp. 2d 906, 913–14 (D.N.J. 1999), aff'd, 226 F.3d 275 (3d Cir. 2000). Therefore, dismissal for failure to state a claim is justified where the asserted claim lacks a required element, Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995), or where there is an "insuperable barrier" to a claim such as an immunity, res judicata, collateral estoppel or the entire controversy doctrine. See Flight Sys., Inc. v. Elec. Data Sys., 112 F.3d

124, 127-28 (3d Cir. 1997); <u>Camero v. Kostos</u>, 253 F. Supp. 331, 338 (D.N.J. 1966).

It is within this framework that Plaintiff's claims will be examined.

**ARGUMENT**

<u>**POINT I**</u>

<u>**PLAINTIFFS' CLAIMS FOR FALSE ARREST AND FALSE IMPRISONMENT ARE TIME-BARRED.**</u>

Plaintiffs' claims for false arrest and false imprisonment pursuant § 1983 are time-barred by the applicable statute of limitations.

The State of New Jersey has a two-year statute of limitations period for personal-injury torts. <u>N.J. Stat. Ann.</u> § 2A:14-2. A 42 U.S.C. § 1983 claim is characterized as a personal-injury claim and is thus governed by the applicable state's statute of limitations for personal-injury claims. <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989). Lastly, the NJCRA is governed by a two-year statute of limitations. <u>O'Conner v. City of Newark</u>, 430 F.3d 125, 126 (3d Cir. 2006).

Plaintiffs' claims under § 1983, NJCRA, or common law for false arrest and false imprisonment accrued at the time of Plaintiff's October 4, 2012 arrest. <u>See</u> <u>Wallace</u>, 549 U.S. at 389 (false imprisonment claim accrues when the victim is held

pursuant to legal process, such as when "he is bound over by a magistrate or arraigned on charges."); <u>Rose v. Bartle</u>, 871 F.2d 331, 35051 (3d Cir. 1989)(false arrest or false imprisonment accrues on the date of the arrest).

Plaintiff was charged and arrested on October 4, 2012. (CM/ECF No. 1, ¶ 15).  Therefore, Plaintiffs claims were to be filed by October 4, 2014 to be timely. They were not. Instead, Plaintiff filed this cause of action on June 29, 2015. (ECF No. 1).  For that reason, the statutes of limitations on her claims for false arrest and false imprisonment have expired.  Because the statute of limitations has run on Plaintiff's claims for false arrest and false imprisonment, these claims should be dismissed with prejudice.

## <u>POINT II</u>

**THE CAMDEN COUNTY PROSECUTOR'S OFFICE AND DETECTIVE MORANTE IN HER OFFICIAL CAPACITY ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY.**

The states' protection from federal jurisdiction emanates from the Eleventh Amendment of the United States Constitution, which states:

> The judicial power of the United States shall not be constructed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

[U.S. CONST. amend. XI.]

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)(quoting Employees v. Missouri Dep't of Public Health & Welfare, 411 U.S. 279, 280 (1973)). See also Edelman v. Jordan, 415 U.S. 651, 653 (1974). Immunity is not limited to the State itself, but extends to State agencies, State officers, and State departments when the state is identified as the real, substantial party in interest. Pennhurst, 465 U.S. at 101.

Moreover, a suit is barred by Eleventh Amendment immunity where "even though the state is not named as a party to the action, ... the state is the real party-in-interest." Carter v. City of Phila., 181 F.3d 339, 347 (3d Cir. 1999). A state is a party-in-interest in a proceeding where "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989). In Fitchik, 873 F.2d at 659, the Third Circuit established a three-factor test to determine whether the state is a real party in interest: "(1) Whether the money that would pay the judgment would come from the state . . .

. ; (2) The status of the agency under state law . . . ; and (3) What degree of autonomy the agency has."

In applying these Fitchik factors, this Third Circuit Court of Appeals has found that "[w]hen [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state." Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir. 1996). Indeed, here, the State of New Jersey has agreed to represent and indemnify the named Prosecutor's Office and Detective Morante. "Thus, the first Fitchik factor is satisfied because the State has 'obligated itself to pay the [defendants'] debts.'" Brown v. City of Camden (In re Camden Police Cases), 2011 U.S. Dist. LEXIS 92314, at *23–*24 (D.N.J. Aug. 18, 2011)(quoting Fitchik, 873 F.2d at 662).

Second, "when prosecutors perform their law enforcement function, they are discharging a State responsibility that the Legislature has delegated to the county prosecutors, N.J.S.A. 2A:158-4 ('The criminal business of the State shall be prosecuted by the Attorney General and the county prosecutors.'), subject to the Attorney General's right to supersede. See N.J.S.A. 52:17B-106." Wright v. State, 169 N.J. 422, 451 (N.J. 2001). "[A]t its essence[,] the county prosecutors' law enforcement function is clearly a State

function." Id. The county prosecutors' offices are further "subject to the State's oversight and suppression powers regarding prosecutorial matters." Brown v. City of Camden (In re Camden Police Cases), 2011 U.S. Dist. LEXIS 92314, at *41. Therefore, the county prosecutors' offices, when engaged in their law enforcement function, operate as surrogates for the State of New Jersey, and are subject to its supervision. Id. at *39 ("county prosecutors operate as agents of the State when then engage in law enforcement activities….")(citing Wright, 169 N.J. at 448-50). Thus, the second and third Fitchik factors are also satisfied.

Here, to the extent Plaintiff's Complaint implicates Detective Morante, it touches upon only her duties and responsibilities as an officer of the State through her respective office within the Camden County Prosecutor's Office. Therefore, the Camden County Prosecutor's Office and Detective Morante are cloaked within the State's Eleventh Amendment immunity.

Based on the historical application of the Fitchik factors to New Jersey county prosecutors, the State is the real party in interest with respect to the claims against the Camden County Prosecutor's Office and Detective Morante in her official capacity.

Defendants are likewise immune from Plaintiff' state law claims. In Raygor v. Regents of the University of Minnesota, the Court concluded that the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not authorize district courts to exercise jurisdiction over claims against non-consenting States. 534 U.S. 533, 541 (2002). See also Figueroa v. City of Camden, 580 F. Supp. 2d 390, 405 (D.N.J. 2008) (acknowledging that "Supreme Court has stated unequivocally that § 1367(a)" does not override State's sovereign immunity). Thus, Plaintiffs' state law claims must be dismissed. See Figueroa, 580 F. Supp. 2d at 403 (dismissing State law claims against State agency and State official).

Accordingly, Plaintiff's Complaint against the Camden County Prosecutor's Office and Detective Morante, acting in her official capacity, should be dismissed with prejudice as barred by the Eleventh Amendment.

## POINT III

**THE CAMDEN COUNTY PROSECUTOR'S OFFICE AND DETECTIVE MORANTE IN HER OFFICIAL CAPACITY ARE NOT PERSONS UNDER 42 U.S.C. § 1983 OR THE NEW JERSEY CIVIL RIGHTS ACT, N.J. STAT. ANN. § 10:6-2, et. seq.**

The Complaint against the Camden County Prosecutor's Office and Detective Morante in her official capacity should be

dismissed as they are not persons amenable to suit pursuant to 42 U.S.C. § 1983 or the NJCRA.

Through § 1983, Congress provided a vehicle by which "persons," within the meaning of that Act, may be sued for interfering with constitutional rights. However, "an entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983". Howlett v. Rose, 496 U.S. 356, 365 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989)). Moreover, while State officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official, but is a suit against the official's office. Will, 491 U.S. at 71. "As such, it is no different from a suit against the State itself." Id. The Court in Will explicitly applied this interpretation to § 1983, stating that it "hold[s] that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Id.

Therefore, Plaintiffs' § 1983 claims against the Camden County Prosecutor's Office must be dismissed because it is entitled to Eleventh Amendment immunity and is not a person subject to suit under § 1983. Similarly, Plaintiffs' § 1983 claims against Detective Morante must also fail because claims are nothing more than "a suit against the official's office." Will, 491 U.S. at 71.

Therefore, Plaintiffs' § 1983 claims against the Camden County Prosecutor's Office and Detective Morante in her official capacity must be dismissed.

Like its federal counterpart, 42 U.S.C. § 1983, the NJCRA was adopted "for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill any gaps in state statutory anti-discrimination protection." Owens v. Feigin, 194 N.J. 607, 611 (2008). The NJCRA was modeled after § 1983 and has been interpreted analogously. Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011). See also Slinger v. New Jersey, 2008 U.S. Dist. LEXIS 103317, at *15 (D.N.J. Dec. 19 2008)(the "NJCRA was intended to serve as an analog to [Section 1983]; it was intended to incorporate and integrate seamlessly with existing civil rights jurisprudence."). Because the NJCRA is modeled after § 1983 it shares the requirement that the defendant sued be a "person." Slinger, 2008 U.S. Dist. LEXIS 71723, at *19; Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720, at *7 (D.N.J. Aug. 25, 2009). "Person" is defined as to preclude suits against officials acting in their official capacity. Chapman, 2009 U.S. Dist. LEXIS 75720, at *7.

Plaintiffs' claims under the NJCRA should be dismissed with prejudice because the Camden County Prosecutor's Office and

Detective Morante in her official capacity are not persons amenable to suit. Slinger, 2008 U.S. Dist. LEXIS 103317. Insofar as Plaintiff seeks to assert liability against the Camden County Prosecutor's Office under Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), such liability is prohibited by 42 U.S.C. § 1983 and the NJCRA. Monell dealt with § 1983 liability of local governmental entities, which are persons subject to liability pursuant to § 1983. See id.; see also Nannay v. Rowan College, 101 F. Supp. 2d 272, 282-83 (D.N.J. 2000). By contrast, the State of New Jersey is not a person subject to § 1983 liability -- Monell or otherwise. Nannay, 101 F. Supp. 2d at 282-83. The Camden County Prosecutor's Office is likewise a State entity, see Point I, supra, and thus, is not a person amenable to suit.

Additionally, under § 1983 "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 675. Where a plaintiff relies on a theory of respondeat superior or supervisory liability, "[i]n a 1983 suit . . . – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer." Id. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be

November 18, 2015
Page 17

predicated solely upon the operation of respondeat superior."

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(citing

Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981).

Therefore, Plaintiff's claims pursuant to § 1983 and NJCRA
should be dismissed with prejudice because the Camden County
Prosecutor's Office and Detective Morante in her official
capacity are not persons amenable to suit under § 1983 or the
NJCRA.

## POINT IV

**PLAINTIFF'S REMAINING CLAIMS AGAINST
DETECTIVE ROBIN MORANTE ARE BARRED BY
QUALIFIED IMMUNITY.**

"Qualified immunity balances two important interests -- the
need to hold public officials accountable when they exercise
power irresponsibly and the need to shield officials from
harassment, distraction, and liability when they perform their
duties reasonably." Pearson v. Callahan, 129 S.Ct. 808, 815
(2009). Qualified immunity applies to a "'government official's
mistake of law, mistake of fact, or a mistake based on mixed
questions of law and fact.'" Pearson, supra (quoting Groh v.
Ramirez, 540 U.S. 551, 567 (2004) (KENNEDY, J., dissenting).

If a case is erroneously permitted to proceed to trial, the
protection of qualified immunity is essentially lost. Pearson,
supra, 129 S.Ct. at 815. Therefore, it is important that

questions of qualified immunity be resolved at the earliest stage of the litigation as possible.  Id. at 815 (quotations omitted).

A defendant in a 42 U.S.C. § 1983 is entitled to the defense of qualified immunity, if plaintiff fails to establish the violation of a constitutional or statutory right or the right that the defendant's conduct allegedly violated was clearly established such that a reasonable person would have known that his or her action violated that right.  Id. at 818. District courts are vested with the discretion in deciding which of these two prongs to address first in light of the circumstances of the particular case at hand.  Id.  If the plaintiff fails to satisfy either inquiry, then the defendant is entitled to judgment in his favor.

Furthermore, the plaintiff must claim with particularity the right allegedly infringed, or otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity ... into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." Anderson v. Creighton, 483 U.S. 635, 639 (1987). As with absolute immunity, the doctrine protects government officials against the "risk that fear of personal monetary liability and harassing litigation

will unduly inhibit officials in the discharge of their duties."
Id. at 638.

Here, Plaintiff asserts a malicious prosecution claim in violation of the Fourth and Fourteenth Amendments to the Federal Constitution.  A § 1983 malicious prosecution action requires that the plaintiff show the following:  (1) that the defendants initiated a criminal proceeding; (2) which ended in plaintiff's favor; (3) was initiated without probable cause; and (4) that the defendants acted maliciously or for a purpose other than bringing the criminal defendant to justice. Lee v. Mihalich, 847 F.2d 66, 69-70 (3d Cir. 1989)).  Additionally, a plaintiff must allege that there was "some deprivation of liberty consistent with the concept of seizure." Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1996)(quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)).  With regard to the favorable termination prong, the Third Circuit held that a plaintiff claiming malicious prosecution must prove actual innocence as an element of his prima facie case.  Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000).

Here, Plaintiff was allegedly charged and arrested by the Defendants on October 4, 2012, for "Official Misconduct, Hindering Prosecution and Failure to Report Child Abuse." (CM/ECF No. 1, ¶ 15).  On or about June 30, 2013, the criminal

charges against Plaintiff were dismissed in exchange for her resignation as an assistant principal. Id. at ¶ 18. Because the charges were dismissed as part of an agreement, Plaintiff cannot establish that the underlying action terminated in her favor and thus cannot prove a malicious prosecution. See Keeler v. City of Hammonton, 2013 U.S. Dist. LEXIS 175035, at *6 (D.N.J. Dec. 11, 2013). "It is axiomatic that 'a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused.' Dismissal as part of a plea does not suggest Plaintiff's innocence of those charges." Id. at *3 (quoting Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009)).

Additionally, Plaintiff pleads no facts to suggest a malicious purpose on the part of the Detective Morante or for a purpose "other than bringing the criminal defendant to justice." Detective Morante conducted a thorough investigation. Therefore, Plaintiff cannot satisfy the "malice" element of the prima facie case for § 1983 malicious prosecution.

Plaintiff alleges that Defendant Morante knew or should have known she "was innocent and/or failed to conduct any reasonable investigation." (CM/ECF No. 1, ¶ 17). In Ciemniecki v. Parker McCay P.A., the plaintiff argued that the defendant police officers should have investigated plaintiff's alibi and

examined other allegedly exculpatory evidence. Ciemniecki v. Parker McCay P.A., 2012 U.S. Dist. LEXIS 552, at *35 (D.N.J. Jan. 4, 2012). However, the court held that once sufficient facts have been discovered to establish the existence of probable cause, there is "no further constitutional duty to investigate in hopes of finding exculpatory evidence prior to arresting an individual." Id. (citing Wilson v. Russo, 212 F.3d 781, 788-789 (3d Cir. 2000)). The court found that even though later information proved the police officers' belief to be factually incorrect, the officers' belief that they had probable cause to arrest Plaintiff was reasonable at the time of the arrest, and as such, the reasonableness of the officers' belief entitled the officers to qualified immunity. Id. at 35, 36.

Here, Plaintiff asserts only conclusory allegations and no pleads no specific facts to show that Detective Morante lacked probable cause to charge and arrest her. See Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007)(citations omitted)(conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss).

Therefore, because Plaintiff has failed to show a violation of a clearly established constitutional right under the Fourth

November 18, 2015
Page 22

and Fourteenth Amendments, her § 1983 malicious prosecution should be dismissed with prejudice.

CONCLUSION

For all the foregoing reasons, the State Defendants respectfully request this Court grant the State Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and dismiss with prejudice all claims against them.

Respectfully submitted,

JOHN J. HOFFMAN
ACTING ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Akeel A. Qureshi
Akeel A. Qureshi
Deputy Attorney General

Dated: November 18, 2015