**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Jernee Kollock-Mann and Daryl Mann | : | |
| Individually & as H/W | : | |
| 133 W. Clayton Ave | : | |
| Clayton, NJ 08312 | : | NO.:   15-4708 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Robin Morante | : | |
| Individually as Investigator for the Camden | : | |
| County Prosecutor's Office | : | |
| 25 North Fifth Street | : | |
| Camden, NJ 08102 | : | |
| | : | |
| And | : | |
| | : | |
| Sergeant Callahan | : | |
| Individually as Sergeant for the Camden | : | |
| County Prosecutor's Office | : | |
| 25 North Fifth Street | : | |
| Camden, NJ 08102 | : | |
| | : | |
| And | : | |
| | : | |
| Tom DiNunzio | : | **JURY TRIAL DEMANDED** |
| Individually as Sergeant for the Camden | : | |
| County Prosecutor's Office | : | |
| 25 North Fifth Street | : | |
| Camden, NJ 08102 | : | |
| | : | |
| Defendants. | : | |

**SECOND AMENDED CIVIL ACTION COMPLAINT**

    **I.**    **Jurisdiction and Venue**

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here.

## II. Parties

3. Plaintiff, Jernee Kollock-Mann and Daryl Mann, are married adult individuals residing at the above-captioned address.

4. Defendant, Robin Morante, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Camden County Prosecutor's Office, acting under color of State Law.

5. Defendant, Sergeants Callahan and Tom DiNunzio, are adult individual who, at all times material herein, acted individually, and/or as an agents, servants, workmen, and/or employees of Camden County Prosecutor's Office, acting under color of State Law.

6. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties is incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were principals, supervisors, agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiff hereunder.

## III. Operative Facts

7. In or around November 2011, Plaintiff, Jernee Kollock-Mann, was employed by Triton Regional High School as a vice-principal.

8. In or around November 2011, teachers employed at Triton Regional High School began having sexual relations with students.

9. An investigation was opened by Camden County, wherein Defendant, Robin Morante was placed in charge of the investigation. Defendant, Sergeants Callahan and Tom DiNunzio were also assigned to investigate.

10. In or around 2012, one of the students involved in the misconduct provided a written statement regarding the incidents in question. The student made the written statement in front of witnesses including Plaintiff.

11. At the time of the ongoing investigation, Plaintiff voluntarily provided information to Defendant, Morante regarding the student's statement.

12. Plaintiff further followed Black Horse Pike Regional School District's policy on "Inappropriate Staff Conduct." Plaintiff reported the misconduct to principal DePaul as required by the policy.

13. Morante also conducted interviews of other witnesses who observed the student providing the written statement. These witnesses' statements did not provide any probable cause or reasonable suspicion whatsoever that Plaintiff improperly influenced the student's statement or tampered with it.

14. Morante, Sergeant Callahan and Sergeant Tom DiNunzio all interviewed Plaintiff in-person.

15. Plaintiff explained to Morante, Callahan, and DiNunzio how she had not alternated the student's written statement in any material way other than fixing a misspelling.

16. Plaintiff also explained to Morante, Callahan, and DiNunzio that there were about five (5) adults who learned about the subject sexual misconduct before Plaintiff had – any of those adults had a duty to report the misconduct to the Division of Youth and Family Services and local law enforcement before Plaintiff.

17. In fact, Plaintiff had a long track record of contacting DYFS in her seven (7) years as vice-principal.  Plaintiff had a background in special education and often called DYFS out of an abundance of caution.  In this matter, Plaintiff asked her principal/supervisor whether she should contact DYFS and the principal explicitly told Plaintiff not to contact DYFS.  The principal was leading the school's investigation.  All of the aforesaid was explained by Plaintiff directly to Morante, Callahan, and DiNunzio.

18. Morante, Callahan, and DiNunzio totally ignored Plaintiffs' valid explanation.

19. Around October 2012, Morante strangely targeted Plaintiff and falsely accused Plaintiff of tampering with or improperly influencing the written statement of one of the involved students as well as failing to report the student's allegations of sexual relations between certain teachers and students at Triton High School to the DYFS and local law enforcement.

20. DYFS later conducted an investigation into the matter and also found Plaintiff had done nothing wrong whatsoever.

21. On or about October 4, 2012, Morante called Plaintiff's cell phone and told Plaintiff that she was being charged.  Morante demanded that Plaintiff go to the police station.  Morante said, "You need to listen to me."  Plaintiff felt she had no choice but to comply or be arrested.

22. Plaintiff arrived at the Gloucester Township Police Station where Callahan and DiNunzio were waiting.  Callahan and DiNunzio instructed Plaintiff to go into a holding cell and told Plaintiff that her lawyer could not accompany her.  Plaintiff was not free to leave.

23. Plaintiff was physically arrested by Callahan and DiNunzio.

24. Plaintiff was detained, fingerprinted, and charged for Official Misconduct, Hindering Prosecution and Failure to Report Child Abuse.

25. At all times material, Plaintiff was and is "actually innocent."

26. Plaintiff made no substantive changes whatsoever to the student's written statement. Morante, Callahan, and DiNunzio all knew or should have known Plaintiff was innocent and/or failed to conduct any reasonable investigation.

27. On or about June 30, 2013, criminal charges were dismissed against Plaintiff – in exchange for her resignation as an assistant principal for the Black Horse Pike Regional School District. Plaintiff resigned under duress rather than risk criminal charges and/or conviction.

28. At all times relevant to this Complaint, the conduct of Morante, Callahan, and DiNunzio was in willful, reckless and callous disregard of Plaintiff's rights under federal and state law.

29. As a direct and proximate result of Morante, Callahan, and DiNunzio's misconduct, Plaintiff's reputation as an educator was damaged both locally and nationally. News articles were published both on paper and on-line stating Plaintiff's alleged involvement. Plaintiff's future as an educator in the state of New Jersey has been destroyed. Plaintiff was suspended from a doctoral program in Educational Leadership at Rowan University because of the allegations.

30. As a direct and proximate result of Morante, Callahan, and DiNunzio's misconduct, Plaintiff suffered severe ongoing emotional distress. Plaintiff has seen a psychologist for the past three (3) years, has been diagnosed with depression and anxiety, and has been prescribed medication.

31. As a further direct and proximate result of Morante, Callahan, and DiNunzio's misconduct, Plaintiff suffered lost wages and future income.

   IV.   **Causes of Action**

### COUNT I
### Malicious Prosecution

32. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

33. At the time of Defendants' investigation, arrest, charges, imprisonment and trial, Plaintiff had not committed any infraction to legally justify the imprisonment and charges.

34. Defendants' actions stated above, *inter alia*, were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

35. Defendants caused Plaintiff to suffer a malicious prosecution, by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and Common Law.

36. Defendants instituted criminal action against Plaintiff by way of testifying falsely and/or failing to properly investigate the alleged misconduct.

37. Plaintiff was seized at the time she was arrested.

38. Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the aforementioned criminal acts.

39. The criminal action terminated in Plaintiff's favor after the official misconduct, hindering prosecution and failure to report child abuse charges were voluntarily dismissed against Plaintiff as part of a plea agreement towards resigning from her position.

40. Defendants deliberately ignored and failed to examine evidence and accounts of the event that exonerated Plaintiff.

41. Defendants caused Plaintiff to suffer a violation by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., as well as State law.

## COUNT II
### N.J.S.A. 10:6-2 – New Jersey Civil Rights Act

42. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

43. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well settled rights under the New Jersey Civil Rights Act.  N.J.S.A. 10:6-2.

44. Plaintiff suffered severe harm due to Defendants' conduct.

## COUNT III
## Loss of Consortium

45. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

46. As a result of Defendants' conduct, Plaintiff, Daryl Mann has lost the companionship, society and services of his wife, Jernee Kollock-Mann, to his great personal detriment and loss.

### V.     Prayer for Relief

WHEREFORE, Plaintiffs respectfully requests this Honorable Court enter judgment in his favor and against Defendant, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Statutory damages;
b. Compensatory damages, including;
    i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorneys fees related to the criminal defense, and emotional distress; and
    ii. Attorneys' fees and expenses, and costs of suit.
c. Injunctive relief, including;
    i. Monitoring and training.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
David A. Berlin, Esq.
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Jernee Kollock-Mann and Daryl Mann | : | |
| Individually & as H/W | : | |
| 133 W. Clayton Ave | : | CIVIL ACTION NO.: 15-4708 |
| Clayton, NJ 08312 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Robin Morante, et al. | : | **JURY TRIAL DEMANDED** |
| Individually as Investigator for the Camden | : | |
| County Prosecutor's Office | : | |
| 25 North Fifth Street | : | |
| Camden, NJ 08102 | : | |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 14th day of June, 2016, a true and correct copy of the foregoing Plaintiffs' Second Amended Civil Action Complaint was served via ECF, upon the following parties:

Akeel Ahmad Qureshi, Esquire
State of New Jersey
Office of the Attorney General
Division Of Law
25 Market Street – 7th Floor
P.O. Box 116
Trenton, NJ 08625-0116


**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs