UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERNEE KOLLOCK-MANN and DARYL MANN, <br><br> Plaintiffs, <br> v. <br><br> INVESTIGATOR ROBIN MORANTE, et al., <br><br> Defendants. | Civ. No. 15-4708 (NLH/KMW) <br><br> **OPINION** |

**APPEARANCES:**

WEISBERG LAW
By: Matthew B. Weisberg, Esq.
7 South Morton Avenue
Morton, Pennsylvania 19070
          Counsel for Plaintiffs

ROBERT LOUGY, ACTING ATTORNEY GENERAL OF NEW JERSEY
By: Akeel A. Qureshi, Deputy Attorney General
25 Market Street, P.O. Box 116
Trenton, New Jersey 08625
          Counsel for Defendant

**HILLMAN**, District Judge

     Plaintiff Jernee Kollock-Mann, former Vice Principal at Triton Regional High School, alleges that Defendants, investigators for the Camden County Prosecutor's Office, maliciously prosecuted her for, among other things, failing to

report the sexual abuse of at least one of her students.[1] Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth herein, the Motion will be denied as moot in part, and denied in all other respects.

I.

As alleged in the Third Amended Complaint, "[i]n or around November 2011, teachers employed at Triton Regional High School began having sexual relations with students." (T.A.C. ¶ 8)  "In or around 2012, one of the students involved in the misconduct provided a written statement regarding the incidents in question.  The student made the written statement in front of witnesses[,] including Plaintiff." (Id. ¶ 10)

Defendants Morante, Callahan[2] and DiNunzio of the Camden County Prosecutor's Office, as well as Triton Regional High School's principal, conducted "investigations" into the incident(s). (T.A.C. ¶¶ 9, 17)

At some unspecified time, "Plaintiff voluntarily provided information to Defendant Morante regarding the student's

---

[1]  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[2]  Plaintiff Kollock-Mann "cross-moves to correct . . . [Defendant] 'Callahan' to 'Kellejan.'" (Opposition Brief, p. 10) As it appears from Defendants' papers that Kellejan is indeed the correct spelling, the "cross-motion" (which was not filed or docketed as a separate motion) will be granted.

statement" (T.A.C. ¶ 11).  However, the Third Amended Complaint pleads that Plaintiff did not report the alleged abuse to DYFS because "[i]n this matter, Plaintiff asked her principal/supervisor whether she should contact DYFS and the principal explicitly told Plaintiff not to contact DYFS.  The principal was leading the school's investigation." (Id. ¶ 17)

New Jersey law imposes a broad duty to report child abuse: "[a]ny person having reasonable cause to believe that a child has been subjected to child abuse or acts of child abuse shall report the same immediately to the Division of Child Protection and Permanency[3] by telephone or otherwise." N.J.S.A. 9:6-8.10; *see generally State v. Snell*, 314 N.J. Super. 331, 335 (App. Div. 1998)("There is no mechanism built into the statute to relieve persons who may be privy to confidential communications from the duty to report child abuse to DYFS.  By mandating that 'any person' having reasonable grounds to suspect child abuse report those suspicions to DYFS, the Legislature simply meant any person, without limitation.").  Failing to make the statutorily-required report is a disorderly persons offense. N.J.S.A. § 9:6-8.14.[4]

---

[3]  The Division of Child Protection and Permanency was formerly named the Division of Youth and Family Services, "DYFS."

[4]  New Jersey law also protects people who report child abuse. Specifically relevant to this suit, "[a] person who reports or causes to report in good faith an allegation of child abuse or

3

On October 4, 2012, Defendant Morante "called Plaintiff's cell phone" and "demanded that Plaintiff go to the police station." (T.A.C. ¶ 21)  Plaintiff complied. (Id. ¶ 22)  After arriving at the station, "Plaintiff was detained, fingerprinted, and charged for Official Misconduct, Hindering Prosecution and Failure to Report Child Abuse." (Id. ¶ 24)[5]

"On or about June 30, 2013, criminal charges were dismissed against Plaintiff -- in exchange for her resignation as assistant principal for the Black Horse Pike Regional School District.  Plaintiff resigned under duress rather than risk criminal charges and/or conviction."  (T.A.C. ¶ 27)

---

neglect . . . and as a result thereof is discharged from employment or in any manner discriminated against with respect to compensation, hire, tenure or terms, conditions or privileges of employment, may file a cause of action for appropriate relief in the family part of the Chancery Division of the Superior Court in the county in which the discharge or alleged discrimination occurred or in the county of the person's primary residence.  If the court finds that the person was discharged or discriminated against as a result of the person's reporting an allegation of child abuse or neglect, the court may grant reinstatement of employment with back pay or other legal or equitable relief." N.J.S.A. § 9:6-8.13.

[5]  "Official misconduct" is crime of either the second or third degree, depending on the circumstances. N.J.S.A. § 2C:30-2. "Hindering apprehension or prosecution" is a crime of either the second, third, or fourth degree, or a disorderly persons offense, depending on the circumstances. N.J.S.A. § 2C:29-3.

4

"DYFS later conducted an investigation into the matter and also found Plaintiff had done nothing wrong whatsoever." (T.A.C. ¶ 20)

The Third Amended Complaint asserts two counts against Defendants in their individual capacities only: (1) § 1983 malicious prosecution, and (2) violation of the New Jersey Civil Rights Act.[6]  Defendants move to dismiss, asserting that they are entitled to qualified immunity on the § 1983 claim.

**II.**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not

---

[6] The Third Amended Complaint also includes a loss of consortium claim (Count III).  However, in response to Defendants' Motion to Dismiss this count, "Plaintiffs concede voluntary dismissal of their loss of consortium claim [pursuant to] FRCP 41." (Opposition Brief, p. 2)  Accordingly, Count III of the Third Amended Complaint will be dismissed; the Motion to Dismiss this count will be denied as moot.

5

necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977).  However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

### III.

Defendants argue that they are entitled to qualified immunity because Kollock-Mann has not pled facts plausibly supporting a conclusion that a constitutional violation occurred.

6

"'To prove malicious prosecution under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009)(quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Defendants argue that the facts alleged do not establish that Defendants lacked probable cause. Indeed, Defendants assert that the allegations affirmatively demonstrate that Defendants had probable cause -- at least with respect to the failure to report child abuse charge -- because Plaintiff pleads that she did not report the alleged child abuse at the instruction of the school principal. Defendants further assert, citing *Wright v. City of Philadelphia*, 409 F.3d 595 (3d Cir. 2005), that "if a suspect has been arrested and charged with multiple offenses, the existence of probable cause for at least one charge precludes the suspect from proceeding with his or her § 1983 malicious prosecution claim with respect to all charges." (Reply Brief, p. 4-5) Thus, Defendants assert, the entirety of

7

Plaintiff's § 1983 malicious prosecution claim should be dismissed with prejudice.

*Wright*, however, is distinguishable, as explained by the Third Circuit in *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007).[7] *Wright* applies to factual scenarios involving more discreet involvement by law enforcement. *See Johnson,* 477 F.3d at 84 ("in *Wright* the defendants had probable cause to arrest the plaintiff in the first place, and their involvement apparently ended at the time of the arrest."). In contrast, where, as alleged here (and as in *Johnson*) the Defendants' "involvement in both the arrest and the initiation of criminal proceedings . . . [is alleged to be[8]] more extensive and lasted beyond the issuing of an affidavit of probable cause for [plaintiff's] arrest and the arrest itself," *id.*, the existence of probable cause as to one crime charged does not "insulate [Defendants] from liability" for malicious prosecution as to the other charged crimes. *Id.*

---

[7] Counsel's failure to cite this controlling precedent is concerning to the Court. Counsel's citation to footnote 8 of *Kossler*, 564 F.3d at 194 (Reply Brief, p. 5), which explicitly discusses *Johnson* and *Wright* together, suggests that counsel was aware, or should have been aware, of *Johnson*.

[8] Notably, *Johnson* and *Wright* were both appeals from summary judgment, whereas Defendants in this suit presently raise the issue by way of a motion to dismiss. *See generally Kossler v. Crisanti,* 564 F.3d 181, 194 (3d Cir. 2009) ("*Wright* and *Johnson* both illustrate that the analysis of malicious prosecution claims involving multiple charges is a fact-intensive one.").

Specifically applied to this case, *Johnson* stands for the proposition that Kollock-Mann's § 1983 malicious prosecution claim, based on the more serious charges of official misconduct and hindering prosecution, does not fail as a matter of law at this early stage of the case simply because the Third Amended Complaint fails to plead facts plausibly supporting a conclusion that Defendants lacked probable cause as to the less serious charge of failing to report child abuse. *See id.* at 85 ("a defendant initiating criminal proceedings on multiple charges is not necessarily insulated in a malicious prosecution case merely because the prosecution of one of the charges was justified."); *see also Dempsey v. Bucknell Univ.,* 834 F.3d 457, 477 (3d Cir. 2016)("although false arrest or imprisonment claims will necessarily fail if probable cause existed for any one of the crimes charged against the arrestee, 'probable cause on one charge does not foreclose a *malicious prosecution* cause of action' based on additional charges for which there was no probable cause.  In the case of prosecution, unlike arrest, unfounded charges 'almost surely will place an additional burden on the defendant,' and thus we must consider probable cause as to each of the charges.")(quoting *Johnson*, 477 F.3d at 83; emphasis in *Dempsey*).

In short, the Court holds that at this stage of the case, *Johnson*, not *Wright*, applies to the facts of this case as

9

currently alleged in the Third Amended Complaint.[9]  Accordingly, Defendant's motion to dismiss the malicious prosecution claim based on *Wright* will be denied.

### IV.

For the foregoing reasons, Defendants' Motion to Dismiss will be denied as moot as to the loss of consortium claim (Count III), and denied in all other respects.

An appropriate order accompanies this opinion.

```
Dated:  February 28, 2017              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.
```

---

[9]  To the extent discovery reveals a different factual scenario, however, Defendants are free to argue at summary judgment that *Wright* should apply to this case.

10